[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This pro se petitioner seeks in a habeas corpus petition to have lost good time restored. The penalty of lost good time was the result of an investigation conducted by a corrections officer into an episode in which this petitioner purportedly assaulted another inmate, in particular "grabbing him by the throat."
In his report of the investigation, the investigating officer stated that the petitioner admitted the offense, saying things "got out of hand" and "I grabbed him by the throat."
A hearing officer then heard this complaint and determined that the evidence supported the charge and the petitioner was found guilty and subsequently punished by the loss of good time credits.
The petitioner attacks the entire investigation and process, denying any guilt and claiming he did not admit grabbing the victim by the throat. He also questions the use of statements of undisclosed witnesses. He also points to the inconsistent statement made by the victim when he sought medical attention on the day in question and said he was hurt playing softball. The injuries were inconsistent with such an occurrence but were consistent with the victim's later version of the assault.
The respondent justifies the non disclosure of the names of inmate witnesses on the grounds that this would invite retaliation and present severe security problems for the institution. Fear of retaliation is also argued as the reason for the victim's original version of how he was injured.
The court had the opportunity to hear and observe the CT Page 129 investigating officer and the hearing officer. They both appeared to be serious, professional, candid and aware of the serious nature of their roles in this matter.
While the court is troubled by the petitioner's inability to confront the inmate witnesses against him, a penal institution cannot be operated entirely like a free society. And, there was sufficient other evidence to support the hearing officer's decision.
The court concludes that the petitioner was afforded such basic due process as in possible in a penal setting and that the result of the hearing was not arbitrary or capricious but can be justified by reference to the entire record.
The petition is accordingly denied.
Anthony V. DeMayo Judge Trial Referee